UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AV SPORTSWEAR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 09-10295RBC |
| ) | |
| EUGENE TEXTILES (2003), INC. ) | |
| ) | |
| Defendant. ) | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

WHEREAS, the undersigned parties to the above-captioned civil action recognize the legitimate interest of Scheels All Sports, Inc. to protect and limit access to certain information and documents that will or may be provided during discovery (including, but not limited to, trade secret, confidential, proprietary and other protected information); and,

WHEREAS, the undersigned parties agree to abide by the following terms and conditions;

NOW, THEREFORE, it is hereby ordered, that:

. Each party to this action subscribes to this Confidentiality Agreement and Order (herein "Order") and agrees and is bound by this Order; and,

1. Pursuant to Federal Rules of Civil Procedure 26(c), that the following provisions govern disclosure and use of any or all documents, testimony, answers to interrogatories, answers to requests for admission, and other information produced or given by Scheels All Sports, Inc., its parent, subsidiaries, employees, affiliates, shareholders, officers, directors, attorneys, contractors, subcontractors and agents (collectively herein, "Scheels") in the course of pretrial discovery, at trial or hearing in this action (the "Discovery Material" or "Discovery Materials"):

. All Discovery Materials shall be used by the receiving party or parties only for the purpose of prosecution or defense of the underlying case and not for any other purpose.

. Scheels may in good faith designate any of the Discovery Materials or any portion of the Discovery Materials as "Confidential."

. All Discovery Materials produced and designated as "Confidential" by Scheels shall be deemed to be "Confidential" and subject to the provisions of this Order. Access

1

Discovery Materials so designated as "Confidential," or any copies, excerpts, digests or summaries thereof, shall be limited to the persons listed in Paragraph 5 of this Order and subject to the restrictions set forth in Paragraph 6 of this Order.

4. Following the request for Discovery Materials by a party to this action, Scheels may, at its election, designate such requested documents or information as "Confidential" as follows:

   a. With respect to any documents (including writings, photographs, drawings or other graphic matter), by marking the documents, and each copy, with the legend "Confidential" at any time prior to the delivery of any requested copies of that document to the requesting party; provided, however, that all documents and information produced for inspection and not selected for copying shall continue to be treated as confidential;

   b. With respect to deposition testimony, if any, by so stating on the record or by written notification to counsel for the deposing party within 28 days after receipt of the transcript from the court reporter. The portion or any transcript designated "Confidential" shall itself be treated as a Confidential Discovery Material;

   c. With respect to tangible things (other than documents) produced or disclosed, by giving written notice of the "Confidential" designation to the requesting party to the action upon disclosure or production;

   d. With respect to electronically stored information produced or disclosed, by giving written notice of the "Confidential" designation to the requesting party to the action upon disclosure or production; and,

   e. If Scheels discovers that Discovery Materials containing confidential information or documents has been inadvertently produced without being so marked, Scheels may within 30 days of production of it, notify the receiving party. The receiving party shall then either mark the Discovery Material as "Confidential" or return it to Scheels to be so marked. Such Discovery Material shall then be considered "Confidential" Discovery Material pursuant to the terms and provisions of this Order.

### DESIGNATION OF PERSONS HAVING ACCESS TO "CONFIDENTIAL" INFORMATION

5. Discovery Material designated "Confidential" shall be maintained in confidence solely for use in connection with this action, and shall not be disclosed to any person except:

   a. The judge before whom this action is pending;

   b. Attorneys of record (including in-house counsel) for the parties to whom the Discovery Materials are produced or given, including legal associates, clerical, support staff and any other outside counsel assigned to assist the attorneys of record and

who are necessary for the purposes of preparing for and conducting this action, including certified court reporters retained by them;

    c.    Officers, directors and managers of the parties to this action, to the extent necessary to assist counsel in preparing the parties' claims or defenses in this action;

    d.    Bona fide outside experts (e.g., professional accountants, financial or other experts or consultants) retained by the attorneys of record for the receiving parties to assist in the preparation of the action;

    e.    Deposition witnesses, at their depositions and on the record, except that any documents marked at depositions and provided to witnesses during depositions will be retained by examining counsel, and will be maintained under the confidentiality provisions of this Order; and

    f.    Any other person upon written consent in advance from Scheels.

## TREATMENT OF "CONFIDENTIAL" INFORMATION

6.    Disclosure of Discovery Materials designated as "Confidential" to those persons designated in Paragraph 5 of this Order shall be subject to the following restrictions:

    a.    Confidential Discovery Materials shall not be given, shown, made available, discussed or otherwise communicated to anyone without first informing them of the contents of this Order. In the case of persons specified in Paragraph 5 above, the persons to whom the Discovery Materials are provided shall simultaneously be provided with a copy of this Order and shall agree to abide by the terms of the Order.

    b.    All persons to whom Discovery Materials designated "Confidential" are disclosed shall use that information solely for the purpose of this civil action as limited herein, and for no other purpose whatsoever;

    c.    No person receiving Discovery Materials designated "Confidential" may disclose these Discovery Materials or any information contained in these Discovery Materials to any person who is not entitled to receive these Discovery Materials pursuant to this Order;

    d.    All Discovery Materials designated as "Confidential" by Scheels that are filed with the court, and any pleadings, motions, or other papers filed with the court disclosing any such Discovery Materials or information contained therein shall be filed under seal in compliance with all applicable Court Rules and kept under seal until further order of the court; and,

    e.    Nothing herein shall restrict the use of any Discovery Materials designated "Confidential" in any hearing or trial in this action; provided, however, that the parties, prior to hearing or trial, develop appropriate procedures for the protection of Confidential



Discovery Materials from disclosure to the public and file all such Confidential Discovery Materials under seal with the Court prior to use of any such Discovery Materials in any hearing or trial.

   f.  Discovery Materials designated as "Confidential" that is filed under seal shall be filed under seal with the clerk of the court in a sealed container or envelope marked with the legend "CONFIDENTIAL MATERIALS SEALED BY COURT ORDER," and the clerk of the court shall allow access thereto only by order of the court;

   g.  Nothing herein shall restrict the right of Scheels to disclose on its own accord any or all Discovery Materials to whomever it wishes or otherwise to use that information as it sees fit regardless of any "Confidential" designation.

## GENERAL PROVISIONS

7. All Discovery Materials, whether or not designated as "Confidential," shall be used solely for the prosecution or defense of this civil action and shall be used for no other purpose by the parties and their respective shareholders, directors, officers, employees, agents, attorneys or employees of attorneys.

8. The inadvertent production of any privileged document shall not constitute a waiver of any privilege which may otherwise attach, and shall not constitute a general waiver of such privilege. All copies of any inadvertently produced privileged document shall be returned to Scheels forthwith.

9. Not later than 30 days following the conclusion of this action by settlement, entry of final judgment or final disposition of any appeal, whichever comes later, each party's attorney of record shall, in writing, request each person to whom that party has provided Confidential Discovery Materials to return said Discovery Materials, including but not limited to any and all copies, excerpts, digests, summaries, notes and other transcriptions made with regard to these Discovery Materials, to Scheels.

10. Not later than 90 days following the conclusion of this action by settlement, entry of final judgment or final disposition of any appeal, whichever comes later, each person who has received Confidential Discovery Materials subject to this Order shall return all Confidential Discovery Materials and any copies, excerpts, digests and summaries in the possession of that person or, in the alternative, destroy such material;

11. Nothing in this Agreement shall prevent any party in this action or Scheels from objecting to discovery which it believes to be otherwise improper for any reason, or to the use of any Discovery Materials at trial or hearing.

12. Scheels' failure to designate Discovery Materials as "Confidential" when required under this Order shall not preclude Scheels from designating these materials as "Confidential" at some later time.

4

13.  The production or giving of any Discovery Materials by Scheels is not deemed a waiver of any of the attorney-client privilege, the work-product privilege or any other privilege or ground for nonproduction or objection to testimony with respect to:

   a. Any such Discovery Materials;

   b. Any Discovery Materials withheld based upon this privilege or ground for nonproduction or objection; or,

   c. Any future production of Discovery Materials.

Date Order Entered: OCT 1 8 2010

Signed by: _____
The Honorable
Title:

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 7420
Boston, Massachusetts 02210

STIPULATED AND AGREED TO BY:

AV Sportswear, Inc.
Plaintiff

By: _____
Attorneys for Plaintiff
Name: LAWRENCE M. SLATER
Title:

Eugene Textiles, Inc.
Defendant

By: _____
Attorneys for Defendant
Name: Michael B. Barkley
Title:

Scheels All Sports, Inc.

By: _____
W. Todd Haggart (ND Atty 03533)
Vogel Law Firm, Ltd.
218 N.P. Avenue
Fargo, ND 58102
701.237.6983
Attorneys for Scheels All Sports, Inc.

001692.1